**Wally LOUM, Plaintiff,**

v.

**HOUSTON'S RESTAURANTS, INC., Defendants.**

**No. 97–2067–JWL.**

United States District Court, D. Kansas.

Nov. 26, 1997.

Charles A. Dixon, Kansas City, KS, for Wally Loum, plaintiff.

Mark A. Ferguson, Shelia T. Williams, Glenn A. Jewell, Lathrop & Gage L.C., Overland Park, KS, for Houston's Restaurants, Inc., defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff brought race discrimination claims against his former employer. The matter is presently before the court on defendant's motion for summary judgment (Doc. 38) and defendant's motion to strike plaintiff's affidavits (Doc. 46). For the reasons set forth below, defendant's motion for summary judgment is granted and the case is dismissed. Defendant's motion to strike plaintiff's affidavits is denied as moot.

## I. Facts [1]

Plaintiff Wally Loum was employed as a server by defendant Houston's Restaurants, Inc. ("Houston's") from November, 1995 to March, 1996. Plaintiff is black.

Plaintiff claims Houston's subjected him to disparate treatment. On one occasion, Houston's denied plaintiff's request to leave early because of illness. Two weeks earlier, Houston's granted a white server's request to leave early because of illness. Plaintiff was assigned more "side duties" and more difficult "side duties" than white servers. Side duties include rolling silverware and cleaning—functions for which servers do not earn tip income. Houston's understated plaintiff's income to the manager of an apartment complex. Houston's had earlier given a white employee a good reference at the same apartment complex. Plaintiff quit during the middle of his shift on March, 17, 1996 after Houston's failed to seat a sufficient number of customers in his section when sufficient customers were being seated in the sections of white servers.

Plaintiff now claims Houston's subjected him to disparate treatment because of his race pursuant to 42 U.S.C. § 1981 and Title VII. Plaintiff also claims hostile environment

---

1. In accordance with the applicable summary judgment standard, the facts are uncontroverted or related in the light most favorable to the plaintiff.

racial harassment and constructive discharge.

## II. Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anthony v. United States*, 987 F.2d 670, 672 (10th Cir.1993). The court views the evidence and draws any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 533 (10th Cir.1994) (citing *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2512.

## III. Race Discrimination
### A. Disparate Treatment

Absent direct or circumstantial evidence of an intent to discriminate, the court analyzes disparate treatment cases under Title VII and section 1981 according to the shifting burden of proof scheme initially articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Burrus v. United Telephone Co.*, 683 F.2d 339, 341–42, 343 (10th Cir.1982), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982); *Randolph v. Board of Public Utilities of Kansas City, Kan.*, 983 F.Supp. 1008, 1013 n. 8 (D.Kan.1997) (citing *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 559 (10th Cir.1996)). Under this standard, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. at 1824. A prima facie case creates a rebuttable presumption that the employer unlawfully discriminated against the employee. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 2746–47, 125 L.Ed.2d 407 (1993).

In order for the plaintiff to state a prima facie case of race discrimination, he must show: (1) he is a member of a protected class of persons; (2) his job performance was satisfactory; (3) he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated non–African American employees. *See McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. at 1824. The burden of establishing a prima facie case of disparate treatment is not an onerous one. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981). Nevertheless, the plaintiff must, at a minimum, produce evidence that raises a reasonable inference that each element exists. *See Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 530 (10th Cir.1994). Although all doubts must be resolved in the plaintiff's favor, allegations alone will not defeat summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Once a prima facie case is established, the burden of production shifts to the defendant to show a legitimate, non-discriminatory reason for the decision. *Hicks*, 509 U.S. at 506–07, 113 S.Ct. at 2746–47. The ultimate burden of persuasion remains with the plaintiff to show that unlawful discrimination was the true reason for the adverse action. *Id.* at 507, 113 S.Ct. at 2747. If the defendant articulates a legitimate, non-discriminatory reason, the presumption of discrimination established by the prima facie showing "drops from the case." *Id.*

■ If the defendant proffers a valid reason for the challenged conduct, the plaintiff must offer evidence that the defendant's proffered reasons were really a pretext for illegal conduct. *Jones v. Unisys Corp.*, 54 F.3d 624, 630 (10th Cir.1995). "At the summary judgment stage, if the plaintiff produces both a prima facie case and evidence supporting a finding that 'defendant's alleged nondiscriminatory reasons for the employment decisions are pretextual, the case

should go to the factfinder.'" *Id.* (citing *Ingels v. Thiokol Corp.,* 42 F.3d 616, 621 (10th Cir.1994)); *see Durham v. Xerox Corp.,* 18 F.3d 836, 839–40 (10th Cir.1994). The plaintiff's mere conjecture that his or her employer's explanation is a pretext for discrimination is not sufficient to meet the plaintiff's evidentiary burden. *Branson v. Price River Coal Co.,* 853 F.2d 768, 772 (10th Cir.1988). Failure by the plaintiff to come forward with evidence of pretext will entitle the defendant to judgment. *Cone,* 14 F.3d at 529; *see Hooks v. Diamond Crystal Specialty Foods, Inc.,* 997 F.2d 793, 798 (10th Cir. 1993) ("If no facts relating to the pretextuality of the defendant's action remain in dispute, summary judgment is appropriate.").

The court assumes, without deciding, that plaintiff has made out a prima facie case of disparate treatment discrimination as to some of his allegations. The pretrial order identifies four separate allegedly discriminatory actions: (1) refusal to allow plaintiff to leave when he was ill, (2) requiring plaintiff to perform extra "side duties," (3) refusing to seat customers in plaintiff's section, and (4) providing false information to a potential landlord.[2]

■ Plaintiff has failed to make out a prima facie case of disparate treatment as to allegation (2), the extra side duties. Plaintiff's statement that he was required to do more and more onerous side duties than white servers is conclusory. Plaintiff has not identified any white servers who had to do substantially different side duties in kind or in number. Houston's submitted affidavits from management and servers claiming that virtually all servers, regardless of race, are required to perform these side duties, and that side duties are regularly rotated between servers.[3] In light of Houston's specific evidence and plaintiff's inability to identify any similarly situated white employees who

received better treatment, he has failed to demonstrate a triable issue of fact as to the side duties. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (conclusory allegations alone will not defeat summary judgment).

■ Plaintiff has also failed to make out a prima facie case as to allegation (4), the underreporting of his income to a potential landlord. Plaintiff's only evidence in support of this contention is his statement that he was present when the apartment manager telephoned Houston's to complain about the underreporting of his income. This statement, however, is inadmissible hearsay. *See Thomas v. IBM,* 48 F.3d 478, 485 (10th Cir. 1995) (inadmissible hearsay evidence "is not suitable grist for the summary judgment mill."). The statements of the apartment manager are inadmissible to prove the truth of the matter she allegedly asserted, i.e., that Houston's underreported plaintiff's income. *See* Fed.R.Evid. 801(c), 802. Furthermore, Houston's submitted an affidavit from the apartment manager stating that Houston's "generally confirmed the information provided by [Mr.] Loum on the [apartment lease] application" and that "[Mr.] Loum was denied an apartment because the Centerview Apartments had received information from the Kansas City Credit Bureau indicating that [Mr.] Loum owed a prior landlord over $2,200".

■ Defendant offers legitimate, nondiscriminatory reasons for the remainder of the alleged disparate treatment. As to Houston's refusal to allow plaintiff to leave when he was ill, Houston's contends that its policy is to allow or disallow such requests on a case-by-case basis. Although no person at Houston's specifically recalls the incident where plaintiff was denied his request, Houston's has submitted uncontroverted affidavits stating that white employees were denied

---

**2.** Although plaintiff's papers identify other sporadic alleged acts of discrimination against him and others, such acts are irrelevant at this stage because they are not identified in the pretrial order. *See Hullman v. Board of Trustees of Pratt Comm. College,* 950 F.2d 665, 667 (10th Cir. 1991) (pretrial order "control[s] the subsequent course of the action unless modified by a subsequent order.").

**3.** Plaintiff objects to this evidence as stating an opinion and a conclusion. Plaintiff also objects to this evidence as hearsay. Plaintiff's objections are without merit because defendant's affidavits relate personal knowledge of the affiants.

illness leave requests in similar situations.[4] As to Houston's failure to seat customers in plaintiff's section, Houston's offers uncontroverted evidence that customers whom Houston's attempted to place in plaintiff's section requested the hostess to move them to a different section so they could sit in booths.

■ Plaintiff has failed to offer sufficient evidence that defendant's proffered reasons are pretextual or that the alleged disparate treatment was because of his race. Plaintiff's evidence of racial animus includes a comment by Rafaella Voce, a Senior Assistant Manager at Houston's, who allegedly told plaintiff's white girlfriend, also a Houston's employee, that she should "date her own color." Charlene Rein, the head waiter, mocked plaintiff and other black employees by calling them Malcolm X or Martin Luther King. The court would condemn such comments if they were made. Nevertheless, no reasonable jury could find that these isolated comments give rise to the inference that Mr. Loum was denied his request for sick leave or denied customers because of his race. "In order for remarks to be sufficiently probative of discriminatory intent, 'plaintiff must demonstrate a nexus between the alleged discriminatory statements and the defendant's [adverse decision or decisions].' " *Eslinger v. U.S. Central Credit Union,* 866 F.Supp. 491, 498 (D.Kan.1994) (quoting *Rea v. Martin Marietta Corp.,* 29 F.3d 1450, 1457 (10th Cir.1994)); *see also Heim v. Utah,* 8 F.3d 1541, 1547 (10th Cir.1993) (stray remarks in the workplace cannot justify requiring the employer to prove that its decisions were based on legitimate criteria); *cf. Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526, 531 (10th Cir.1994) ("[i]solated comments, unrelated to the challenged action, are insufficient to show discriminatory animus in termination decisions."). Plaintiff has not offered any evidence of a nexus between Ms. Rein's comments and the denial of his sick leave or his failure to have customers seated in his section. Plaintiff has demonstrated only a tenuous connection between Ms. Voce's comment and the challenged conduct.

Ms. Voce was involved in requiring plaintiff to work when he was ill and knew about his complaints regarding his failure to get customers. Her alleged comment, however, relates to interracial dating—a subject too attenuated from equal treatment of employees in the workplace to give rise to an inference of discrimination under all the circumstances of this case. Because plaintiff has not demonstrated a sufficiently close connection between the comment and the challenged action or inaction, the comment does not create a genuine issue of fact that Ms. Voce was motivated by racial animus. *Cf. Eslinger,* 866 F.Supp. at 497–98 (comments by manager that women are better workers before having their second child were sufficient to create inference of sex discrimination and survive summary judgment when same manager fired plaintiff after she gave birth to second child).

■ The remainder of plaintiff's evidence is similarly insufficient to create a genuine issue of material fact that *plaintiff* suffered actionable disparate treatment. Plaintiff submits affidavits stating that *other* black employees were subjected to verbal and physical abuse by white employees and that Houston's in Overland Park, Kansas lost all of its black servers within six months after he left. Notably missing from plaintiff's affidavits is any indication that the verbal and physical abuse suffered by other black employees was racially motivated. Furthermore, Houston's submitted uncontroverted affidavits that the server who replaced plaintiff two days after plaintiff quit was black, that that server left Houston's to pursue educational opportunities, and that that server has since returned to Houston's. Plaintiff's disparate treatment claims cannot survive summary judgment.

### B. Hostile Environment

■ Defendant is entitled to summary judgment on plaintiff's hostile environment claim. To make out a claim of hostile work environment racial harassment, plaintiff must demonstrate:

> their face that the affiants are relating personal knowledge.

---

4. Plaintiff objects to defendant's affidavits as stating an opinion and conclusion. This objection is without merit because the affidavits state on

(1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was racial or stemmed from racial animus. General harassment if not racial ... is not actionable. The plaintiff must show 'more than a few isolated incidents of racial enmity.' Instead of sporadic racial slurs, there must be a steady barrage of opprobrious racial comments.

*Bolden v. PRC Inc.*, 43 F.3d 545, 551 (10th Cir.1994) (citations omitted). Plaintiff here alleges he personally suffered only two sporadic racial comments: Ms. Voce's comment directed at his girlfriend, and Ms. Rein's mocking comments relating to Martin Luther King or Malcolm X. No reasonable jury could find these two inappropriate comments to amount to a "steady barrage of opprobrious racial comments." Accordingly, plaintiff's hostile environment claim is without merit.

### C. Constructive Discharge

Defendant is entitled to summary judgment on plaintiff's constructive discharge claim. In order to state a cognizable claim for constructive discharge, a plaintiff must demonstrate that a reasonable person in his position would have felt compelled to resign as a result of Houston's discriminatory conduct. *See Derr v. Gulf Oil Corp.*, 796 F.2d 340, 343 (10th Cir.1986). The court has found that plaintiff has failed to demonstrate a genuine issue of material fact that he suffered any legally discriminatory conduct. Accordingly, plaintiff's constructive discharge claim is without merit.

### IV. Motion to Strike Plaintiff's Affidavits

In light of the court's disposition of defendant's motion for summary judgment, defendant's motion to strike [5] is moot. Accordingly, the court denies this motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (Doc. 38) is granted.

**IT IS FURTHER ORDERED THAT** defendant's motion to strike plaintiff's affidavits (Doc. 46) is denied as moot.

**IT IS SO ORDERED.**

---

5. The court notes that plaintiff has failed to respond to this motion and is out of time to do so.