MEMORANDUM AND ORDER
 

 CROW, Senior District Judge.
 

 Steve Frazier brings this employment discrimination action against his former employer, Charles E. Simmons, Secretary of the Kansas Department of Corrections, for alleged violations of the Americans with Disabilities Act (ADA). Specifically, Frazier claims that the defendant failed to reasonably accommodate his disability, Multiple Sclerosis, and that the defendant terminated him due to his disability.
 

 This case comes before the court upon the Defendant’s “Motion to Dismiss or in the Alternative For Summary Judgment” (Dk.27). In seeking dismissal, the defendant contends that Congress lacked authority to abrogate the states’ Eleventh Amendment immunity when it enacted the ADA. In the alternative, the defendant seeks summary judgment on the merits, arguing,
 
 inter alia,
 
 that the plaintiff is not disabled within the meaning of the ADA.
 

 The plaintiff responds, arguing that Congress had authority under Section 5 of the Fourteenth Amendment to abrogate states’ immunity. As to the merits of his case, the plaintiff contends that genuine issues of material fact preclude summary judgment.
 

 The court recognizes that this case has been under advisement for an extended and inordinate period of time. In part, the court’s busy criminal docket has precluded it from dedicating sufficient time to this case. In addition, during oral argument on the defendant’s dispositive motion, the court and both parties agreed that it would be appropriate to delay ruling on the defendant’s dispositive motion until after the Supreme Court issued its opinion in
 
 Murphy v. United Parcel Service, Inc. See Murphy v. United Parcel Service, Inc.,
 
 946 F.Supp. 872 (D.Kan.1996),
 
 aff'd,
 
 141 F.3d 1185 (10th Cir.1998) (Table),
 
 cert. granted in part,
 
 525 U.S. 1063, 119 S.Ct. 790, 142 L.Ed.2d 653 (1999),
 
 aff'd,
 
 527 U.S. 516, 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999). Since the time that the Supreme Court issued its opinion in
 
 Murphy
 
 and in
 
 Sutton v. United Air Lines, Inc.,
 
 527 U.S. 471, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999), other demands upon the court’s time have further contributed to the delay. Finally, in light of recent precedent from the Supreme Court regarding Eleventh Amendment immunity, for a time this court considered whether it would be appropriate for the parties to rebrief the state’s immunity argument.
 

 Eleventh Amendment Immunity
 

 Since the time that the defendants’ motion to dismiss was filed, the Tenth Circuit has held “that Congress’s statutory abrogation of Eleventh Amendment immunity in the ADA was a valid exercise of its Section 5 enforcement powers.”
 
 Martin v. State of Kansas,
 
 190 F.3d 1120 (10th Cir. 1999). This decision does not immutably resolve the issue. The defendant correctly notes that Eleventh Amendment immunity must be analyzed in light of the Supreme Court’s recent decision in
 
 Kimel v. Florida Bd. of Regents,
 
 — U.S. -, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), a case in which the Court held that Congress lacked authority to abrogate states’ immunity under the Age Discrimination in Employment Act (ADEA). The Tenth Circuit has
 
 *1223
 
 not yet revisited its holding in
 
 Martin
 
 since
 
 Kimel
 
 was decided.
 

 Although the defendant has submitted a supplemental brief discussing the Supreme Court’s decision in
 
 Kimel,
 
 the plaintiff has not. The parties in this case have already weathered too many delays to be asked to withstand one more round of briefing. In light of this court’s conclusion that the defendant is entitled to summary judgment on the merits, the court deems it an unnecessary waste of the parties’ resources to fully brief the issue.
 

 Summary Judgment
 
 [1]
 

 Although the defendant advances several alternative grounds for granting summary judgment, the defendant’s primary argument in support of his motion for summary judgment is that the plaintiff, while unable to perform the job as investigator for the Kansas Department of Corrections (KDOC) due to his impairment,
 
 [2]
 
 was nevertheless able to perform a broad range of jobs and was therefore not disabled within the meaning of the ADA. The defendant also contends that he did not regard the plaintiff as disabled, only that he was unable to perform the essential functions of his job.
 

 The plaintiff responds, arguing that he is disabled within the meaning of the ADA and/or that the defendant perceived him to be disabled. In either event, the plaintiff contends that he was able to perform the essential functions of the job of investigator and that the defendant failed to reasonably accommodate his disability.
 

 Summary of Relevant Facts
 

 Frazier was employed as an investigator for KDOC from August 18, 1990, until his separation without prejudice on December 28, 1994. Frazier’s job as investigator included the duties of a state law enforcement officer under Kansas law. Those duties consisted of the use of firearms under any weather or lighting conditions, physical restraint or apprehension of unwilling and combative persons, and arrest of criminal suspects. As an investigator, Frazier’s duties included providing back up to other law enforcement officers wherever criminal suspects are located.
 

 Frazier and his supervisor were the only two employees assigned to the Investigation Division in the Central Office of the KDOC. Frazier’s position was specifically created to assist the other investigators assigned to the work unit.
 

 Although Frazier’s job performance had in the past been satisfactory, for the period between June 18,1993, to April 4, 1994, Frazier received an overall employment performance evaluation of “unsatisfactory.” In February of 1994, Charles Simmons, the Secretary of the Department of Corrections, first learned that Frazier has Multiple Sclerosis. It was in that same time frame that Frazier informed his supervisor, Darrell Perrin, that he had lost 50% of his vision, that he was having problems with balance and had lost strength in his hands. Concerned about the plaintiff’s ability to handle a firearm safely, Perrin suggested, and Frazier agreed, that Frazier turn in his firearm.
 

 
 *1224
 
 Frazier’s medical condition precluded him from performing some of the essential functions of his job: carrying a firearm and physically restraining prisoners or other persons. Although Frazier contends that only a small percentage of his time at work actually involved arrests or other physical interactions with potentially combative persons, he admits that as investigator he was expected and required to do so on occasion. Because he could not perform all of the duties of investigator, Frazier did not work as an investigator. Instead, Frazier exhausted his medical leave, vacation leave and leave donated by coworkers.
 

 Frazier requested accommodation for his condition. The accommodations Frazier sought included reassignment of tasks he could not perform and transfer to other, open positions within the KDOC. Frazier was not qualified for those open positions. Moreover, those positions were tantamount to promotions from Frazier’s investigator job. The defendant refused to shift the duties Frazier could no longer perform to other or additional employees.
 

 Based upon the defendant’s concerns about the safety of Frazier, other employees and other persons, the defendant terminated his employment by separating him without prejudice — meaning that Frazier left his employment with the KDOC in good standing and that he is eligible for rehire in the future, subject to medical evidence demonstrating that he is qualified to perform the essential functions of the job for which he is employed.
 

 Legal Standards
 

 “The ADA prohibits employers from discriminating against individuals on the basis of disability.”
 
 Sorensen v. University of Utah Hosp.,
 
 194 F.3d 1084, 1086 (10th Cir.1999)
 
 (citing
 
 42 U.S.C. § 12101).
 

 Numerous Tenth Circuit cases state the elements of a prima facie case under the ADA: “[A] plaintiff must demonstrate (1) that he is ‘disabled’ within the meaning of the ADA, (2) that he is qualified— with or without reasonable accommodation; and (3) that he was discriminated against because of his disability.”
 

 Id. (quoting Butler v. City of Prairie Village, Kansas,
 
 172 F.3d 736, 748 (10th Cir. 1999))
 
 (quoting Siemon v. AT&T Corp.,
 
 117 F.3d 1173, 1175 (10th Cir.1997));
 

 The ADA defines a “disability” as “(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded-as having such an impairment.” 42 U.S.C. § 12102(2). Although the ADA does not define the term “substantially limits,” the regulations implementing the ADA define the term as follows:
 

 (i) Unable to perform a major life activity that the average person in the general population can perform; or
 

 (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.
 

 29 C.F.R. § 1630.2(j)(l).
 

 “When the major life activity under consideration is that of working, the statutory phrase ‘substantially limits’ requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs.”
 
 Sutton v. United Air Lines, Inc.,
 
 527 U.S. 471, 119 S.Ct. 2139, 2151, 144 L.Ed.2d 450 (1999). “To be substantially limited in the major life activity of working, then, one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual’s skills (but perhaps not his or her unique talents) are available, one is. not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs.”
 
 Sutton,
 
 119 S.Ct. at 2151.
 

 
 *1225
 
 Analysis
 

 The plaintiff has failed to demonstrate a genuine issue of material fact precluding summary judgment. The plaintiff has presented insufficient evidence for a rational factfinder to conclude that he was the victim of unlawful discrimination.
 

 Frazier is not disabled within the meaning of the ADA
 

 Although the plaintiffs Multiple Sclerosis is an impairment, that medical condition does not preclude him from performing a broad class of jobs. Instead, Frazier’s medical condition only precludes him from a very narrow range of jobs which require the safe operation + of firearms and arrest or apprehension of persons, and therefore does not constitute a disability within the meaning of the ADA.
 

 The defendant did not regard Frazier as disabled
 

 The defendant did not regard Frazier as disabled, only that he was unable to perform the essential functions of his job as investigator.
 
 See Murphy,
 
 119 S.Ct. at 2138.
 

 Accommodation
 

 Even if the plaintiff could demonstrate that he is disabled, no rational fact-finder could conclude that the defendant failed to reasonably accommodate his impairment. Although “reassignment of an employee to a vacant position in a company is one of the range of reasonable accommodations which must be considered [by an employer] and, if appropriate, offered if the employee is unable to perform his or her existing job,”
 
 Smith v. Midland, Brake, Inc.,
 
 180 F.3d 1154, 1166 (10th Cir.1999), “employers need not create a new job or even modify an essential function of a vacant job in order to make it suitable for the disabled employee...”
 
 Id.
 
 at 1170. Nor does the ADA require an employer to promote a disabled employee; “the only positions that need to be considered for a reassignment are those that are not promotions.”
 
 Id.
 
 at 1176.
 

 Frazier was not qualified for the open positions available within the KDOC during the relevant time frame. All of the accommodations suggested by the plaintiff are not ones required by the ADA. Nor is there sufficient evidence for a rational fact-finder to conclude that the defendant’s hiring decisions were in any way based upon improper discrimination.
 

 Summary
 

 Because no rational factfinder could conclude that the plaintiff was the victim of unlawful discrimination, the defendant is entitled to summary judgment.
 

 IT IS THEREFORE ORDERED that the defendant’s “Motion to Dismiss or in the Alternative For Summary Judgment” (Dk.27) is granted in part and denied in part. The defendant’s motion to dismiss this case based upon Eleventh Amendment immunity is denied. The defendant’s motion for summary judgment on the merits is granted.
 

 [1]
 

 . The plaintiffs claims are limited to those stated in the pretrial order.
 
 See Hullman v. Board of Trustees of Pratt Com. College,
 
 950 F.2d 665, 667 (10th Cir.1991) ("The pretrial order supersedes the pleadings and controls the subsequent course of litigation. Fed. R.Civ.P. 16(e). The trial court has the discretion to exclude from trial those issues and claims not found in ihe pretrial order
 
 .'^(quoting Hullman v. Board of Trustees of Pratt Comttumity College, 732
 
 F.Supp. 91, 93 (D.Kan. 1990)). To the extent that the plain-till's response to the defendant’s dispositive motion implicitly seeks leave to expand his claims and theories of recovery, those requests are denied.
 

 [2]
 

 . The plaintiff’s Multiple Sclerosis caused him to have trouble with his balance, made him lose strength in his hands, and made his vision blurry. Consequently, the plaintiff was unable to carry a firearm, an essential function of his job.