**RANDOLPH COUNTY,**
**Plaintiff-Appellant,**

v.

**ALABAMA POWER COMPANY,**
**Defendant-Appellee.**

No. 84-7292.

United States Court of Appeals,
Eleventh Circuit.

July 28, 1986.

Francis H. Hare, Jr., John H. Lavette, James J. Thompson, Jr., Birmingham, Ala., for plaintiff-appellant.

James H. Miller, III, Birmingham, Ala., Sterling G. Culpepper, David R. Boyd, Montgomery, Ala., for defendant-appellee.

Petition for Rehearing and Suggestion for Rehearing En Banc

(Opinion March 18, 1986. 11 Cir., 784 F.2d 1067).

Before RONEY and HATCHETT, Circuit Judges, and NICHOLS *, Senior Circuit Judge.

PER CURIAM.

IT IS ORDERED as follows:

On its own motion the court makes the following change in its slip opinion dated March 18, 1986. On page 2435 of the slip opinion, at page 1072-73 of 784 F.2d, delete the entire portion beginning with the words "The fact that public entities" through the sentence "We need add nothing more," and substitute the following therefor:

Although *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), undercut the rationale of *Birchfield* that a municipality cannot sue under section 1983 because *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), held that it could not be sued, we have subsequent to

---

* Honorable Philip Nichols, Jr., Senior U.S. Circuit Judge, for the Federal Circuit, sitting by

designation.

426

*Monell* continued to hold that a municipality has no cause of action under section 1983. *Appling County v. Municipal Electric Authority,* 621 F.2d 1301 (5th Cir.), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980).

IT IS FURTHER ORDERED that the petition for rehearing and suggestion for rehearing en banc filed by Randolph County is DENIED.