**Don H. HULLMAN, Plaintiff,**

v.

**BOARD OF TRUSTEES OF PRATT COMMUNITY COLLEGE, Defendant.**

**No. 86–4026–C.**

United States District Court, D. Kansas.

Feb. 12, 1990.

**92**

Wesley A. Weathers, Weathers & Riley, Topeka, Kan., for plaintiff.

Kelly J. Rundell, Hershberger, Patterson, Jones & Roth, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the parties' respective motions to reconsider the court's order filed November 29, 1989, 725 F.Supp. 1536, and on the plaintiff's alternative motion for certification of controlling questions of law for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). In its prior order, the court granted in part the defendant's motion for summary judgment on all of the plaintiff's claims. Plaintiff seeks reconsideration of the court's entry of summary judgment on his right to petition claim and on the issue of whether he conditionally accepted the defendant's contract offer for the 1985–1986 school year. Defendant requests reconsideration of the court's denial of summary judgment on plaintiff's first amendment claim. Since defendant's motion raises a number of points which if resolved in a particular way would also affect the substance of plaintiff's motion, the court will address first the defendant's motion. Because of its lengthy discussion of the issues in the November 29th order, the court's ruling and explanation on the motions to reconsider will be brief.

## FIRST AMENDMENT

Summarizing the court's holdings on the first amendment claims, plaintiff's complaints over his reassignment, including his comments to the Board in executive session on July 15th, are not protected speech. Plaintiff's criticisms of financial mismanagement of the ASEF and student scholarships made on earlier dates do address issues of public concern. Due to the deposition testimony of Board member, James Van Blaricum, questions of fact exist concerning whether plaintiff's reassignment and nonrenewal were done in retaliation for his criticisms of financial mismanagement and wrongdoing.

Defendant contends the last holding should be altered for either of the following reasons—plaintiff has not alleged in the pretrial order a first amendment claim on his criticisms of financial mismanagement, or additional portions of Van Blaricum's deposition clarify his testimony on whether the plaintiff's claims of fiscal improprieties were a reason for plaintiff's reassignment. Defendant's first reason apparently arises from the court's earlier observation in the November 29th order that a literal reading of the pretrial order does not reveal such a claim. This motion to reconsider has provided yet another opportunity for the court to review carefully the plaintiff's issues and contentions in the pretrial order. Plaintiff's first amendment claims are stated in general and conclusory terms, with few specific references to the occasions or content of his speech. There

is nothing directly or indirectly alleged in the pretrial order that plaintiff's protected speech includes his complaints of financial mismanagement. The only indication of speech content is made in regards to plaintiff's peaceful and orderly protest of his reassignment.

■ The pretrial order supersedes the pleadings and controls the subsequent course of litigation. Fed.R.Civ.P. 16(e). The trial court has the discretion to exclude from trial those issues and claims not found in the pretrial order. *Randolph County v. Alabama Power Co.*, 784 F.2d 1067, 1072 (11th Cir.1986), *modified on other grds*, 798 F.2d 425 (1986), *cert. denied*, 479 U.S. 1032, 107 S.Ct. 878, 93 L.Ed.2d 833 (1987). A plaintiff cannot escape the binding effect of the pretrial order by raising new issues in a response to the defendant's motion for summary judgment. *Bieber v. Associated Collection Services, Inc.*, 631 F.Supp. 1410, 1414 (D.Kan.1986). In the case at bar, the plaintiff simply has failed to set forth any issue or claim that his protected speech involves his complaints of financial mismanagement, and the fact that he may have done so in an earlier interrogatory does not bear on a liberal construction of the pretrial order. There being no motion to modify or amend the pretrial order pending, the court is well within its discretion to exclude such assertions from the action. On reconsideration, the court grants summary judgment for defendant on plaintiff's first amendment claims.

■ Turning to plaintiff's motion to reconsider, the court's immediate ruling on the scope of the pretrial order reinforces the propriety of entering summary judgment on plaintiff's right to petition claim. Plaintiff insists the court viewed too narrowly the circumstances and context of his protected speech and made findings of fact unsupported by the whole record. Since the determination of whether speech is protected is one of law, the court need not await a trial and may decide the issue at the summary judgment stage assuming the necessary record is available and the parties carry out their duties in presenting it.

The court's decision that plaintiff's speech was not protected did not strain the accommodating procedures of summary judgment. Plaintiff did not meet his summary judgment burden and now offers nothing to show that the court's decision was not made from the relevant "whole" record which the parties were required to present. Furthermore, the uncontroverted facts establish that the meeting was called and intended by the parties to address the plaintiff's reassignment. Plaintiff's inserted comment about fiscal mismanagement did not relate to the purpose for which the meeting was scheduled and, based upon the whole record presented, appeared to be made purely to further plaintiff's own interest in opposing the reassignment. In addition, even assuming the court would find the speech at the July 15th meeting to address a public concern when viewed as a whole, the court believes it relates to a public concern only in the most limited way so as to tip the later *Pickering* balance in favor of the Board's actions. *See Connick v. Myers*, 461 U.S. 138, 149–54, 103 S.Ct. 1684, 1691–92, 75 L.Ed.2d 708 (1983), and *Johnsen v. Ind. School Dist. No. 3 of Tulsa County*, 891 F.2d 1485, 1490–1494 (10th Cir.1989).

The ruling on plaintiff's conditional acceptance of the contract is fully and adequately explained in the November 29th order, and the plaintiff has not offered any persuasive reasons for reconsideration of that ruling. The unambiguous wording and tenor of plaintiff's attached memorandum is that he is reserving those rights, which in his opinion, he might have to his former position or to contest the reassignment. This memorandum undoubtedly reveals that plaintiff was not content to accept the Board's decision on his reassignment despite having formally spoken to them before their decision and despite now being offered an employment contract pursuant to their decision. By isolating certain terms and relying in part on a definition from a legal dictionary, plaintiff achieves a skewed meaning for his written condition which is more in keeping with his asserted subjective intent. The court believes the plaintiff's attached memorandum

plainly stands as his express retention of any rights he perceived himself as having in his former position or in his campaign to protest against the reassignment. The court reaffirms its ruling on the issue of conditional acceptance.

IT IS THEREFORE ORDERED that plaintiff's motion to reconsider is denied;

IT IS FURTHER ORDERED that defendant's motion to reconsider is granted, and the defendant's motion for summary judgment is granted on all of plaintiff's claims.