**Don H. HULLMAN, Plaintiff–Appellant,**

v.

**BOARD OF TRUSTEES OF PRATT COMMUNITY COLLEGE, a Public Corporation, Defendant–Appellee.**

No. 90–3072.

United States Court of Appeals, Tenth Circuit.

Dec. 4, 1991.

Rehearing Denied Jan. 14, 1992.

666

Wesley A. Weathers, Weathers & Riley, Topeka, Kan., for plaintiff-appellant.

David J. Morgan (H.E. Jones, with him on the brief), Hershberger, Patterson, Jones & Roth, Wichita, Kan., for defendant-appellee.

Before SEYMOUR, BARRETT and BRORBY, Circuit Judges.

BARRETT, Senior Circuit Judge.

Don H. Hullman (Hullman) appeals from two orders of the district court granting partial summary judgment, *Hullman v. Board of Trustees of Pratt Community College*, 725 F.Supp. 1536 (D.Kan.1989), and summary judgment, *Hullman v. Board of Trustees of Pratt Community College*, 732 F.Supp. 91 (D.Kan.1990) in favor of the Board of Trustees (Board) of Pratt Community College (PCC). The relevant facts are set forth in detail at 725 F.Supp., pp. 1541–1544 and will be referred to only as necessary for our review.

Hullman was employed as one of PCC's top administrators for a period of nine consecutive years pursuant to a series of written contracts. He was terminated in August, 1985. For several years immediately prior to his termination, Hullman held the position of Dean of Instruction, generally considered the top administrative position at PCC other than that of president.

In July, 1985, Hullman was reassigned to the newly created position of Dean of Continuing Education. Despite an annual salary increase of $2,600, Hullman considered the reassignment to be a demotion. On July 19, 1985, a contract for administrative services for 1985–1986, designating Hullman's position as Dean of Continuing Education, was delivered to Hullman. The contract was not signed by any Board representative.

On July 30, 1985, Hullman signed the contract and attached a memorandum which stated:

Enclosed herewith is the executed contract of employment with Pratt Community College for the 1985–86 academic year. Please be advised that I have signed this contract under protest, in that, in my opinion, it infringes upon my property interest in continued employment in my former position as Dean of Instruction. Execution of this contract should not be construed as a waiver of any rights I might have to retain the former position or to contest the reassignment.

(R., Vol. I, Tab 120, Exhibit A.)

The Board considered Hullman's contract at a special meeting on August 6, 1985. During the meeting, attended by Hullman, the Board voted "to not accept the contract for administrative services of Dr. Don Hullman with the conditions that have been imposed by attachment to the contract dated July 30, 1985." (R., Vol. II, Tab 141, p. 10).

Hullman subsequently sued the Board alleging violation of the Civil Rights Act, 42 U.S.C. § 1983, in that his termination was a violation of his property interests and liberty rights under the Fourteenth Amendment (Count I), and in retaliation for his protest over his demotion in violation of his rights to free speech under the First Amendment (Count II). Hullman also alleged that the Board wrongfully terminated his contract. (Count III).

The pretrial order set forth "Plaintiff's Contentions," including:

Plaintiff also asserts that this termination amounted to a breach of his contract of employment for the 1985–86 school year and was carried out by defendants *in retaliation for his exercise of the right of free speech and his peaceful and orderly protest about his reassignment* and his desire to assert any rights he 'might have' to contest said *reassignment,* thus violating his rights under the First Amendment. (Emphasis supplied.)

(R., Vol. I, Tab 119 at p. 7).

Board moved for summary judgment alleging that "no genuine issue of material fact exists, and [that] defendant is entitled to judgment as a matter of law." (R., Vol. I, Tab 120). In response, Hullman alleged, for the first time, that his reassignment and demotion were "an act of retaliation against him for his outspoken criticism of and disagreement with various inappropriate and, perhaps, illegal financial policies and practices at PCC." (R., Vol. I, Tab 129 at p. 2).

In granting partial summary judgment in favor of PCC, the court found:

In its original memorandum, the defendant understood plaintiff's alleged protected speech to be his complaints over his reassignment to Dean of Continuing Education. *Defendant's understanding is consistent with a literal reading of the pretrial order in this* case. (Emphasis supplied.)

725 F.Supp. at 1544.

Thereafter, the district court granted Board's motion for summary judgment on all of Hullman's claims except "as to plaintiff's First Amendment claim on his criticisms and complaints of PCC's financial practices." 725 F.Supp. at 1553.

Both parties moved for reconsideration. The district court denied Hullman's motion, but granted the Board's motion. The court entered summary judgment in favor of the Board on all of Hullman's claims. In so doing, the court found:

*There is nothing directly or indirectly alleged in the pretrial order that plaintiff's protected speech includes his complaints of financial mismanagement. The only indication of speech content is made in regards to plaintiff's peaceful and orderly protest of his reassignment.*

The pretrial order supersedes the pleadings and controls the subsequent course of litigation. Fed.R.Civ.P. 16(e). The trial court has the discretion to exclude from trial those issues and claims not found in the pretrial order. *Randolph County v. Alabama Power Co.,* 784 F.2d 1067, 1072 (11th Cir.1986), *modified on other grounds,* 798 F.2d 425 (1986), *cert. denied,* 479 U.S. 1032, 107 S.Ct. 878, 93 L.Ed.2d 833 (1987). A plaintiff cannot escape the binding effect of the pretrial order by raising new issues in a response to the defendant's motion for summary judgment. *Bieber v. Associated Collection Services, Inc.,* 631 F.Supp. 1410, 1414 (D.Kan.1986). In the case at bar, *the plaintiff simply has failed to set forth any issue or claim that his protected speech involves his complaints of financial mismanagement,* and the fact that he may have done so in an earlier interrogatory does not bear on a liberal construction of the pretrial order. There being no motion to modify or amend the pretrial order pending, the court is well within its discretion to exclude such assertions from the action. On reconsideration, the court grants summary judgment for defendant on plaintiff's first amendment claims. (Emphasis supplied.)

732 F.Supp. at p. 93.

On appeal, Hullman contends that the district court abused its discretion in dismissing his free speech claims regarding his prior criticism of financial misuse at PCC because the claims were not properly raised in the pretrial order. Hullman also contends that the court erred in granting summary judgment in favor of Board on his right to petition claim and his property and liberty interest claims.

We affirm the Memorandums and Orders of the district court granting summary

judgment in favor of Board for substantially the reasons set forth therein.

▮ Hullman contends that the district court abused its discretion in dismissing his free speech claim regarding his prior criticism of financial misuse at PCC because the claims were not properly raised in the pretrial order. As set forth, *supra,* the district court specifically found that "[t]here is nothing directly or indirectly alleged in the pretrial order that plaintiff's protected speech includes his complaints of financial mismanagement." Notwithstanding this finding, Hullman nevertheless contends that the court abused its discretion in dismissing his free speech claims relative to financial misuse. We disagree.

This court has recognized that rulings on the exclusion of testimony not grounded in the pretrial order are matters resting in the sound discretion of the trial court, and will not be disturbed absent an abuse of that discretion. *Smith v. Ford Motor Co.,* 626 F.2d 784 (10th Cir.1980), *cert. denied,* 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981) (Prejudicial error occurred when trial court admitted medical expert's testimony that plaintiff's injuries were enhanced as proximate result of unreasonably dangerous seat belt system because the pretrial order designated witness for testimony only in regard to treatment of plaintiff and prognosis); *James v. Newspaper Agency Corp.,* 591 F.2d 579 (10th Cir.1979) (Failure to list "may call" witnesses as "will call" witnesses in pretrial order or to move to amend until immediately before trial justified trial court's denial of motion to amend pretrial order); *Cleverock Energy Corp. v. Trexel,* 609 F.2d 1358, 1361–62 (10th Cir. 1979), *cert. denied,* 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980) (Upheld trial judge's order striking the breach of fiduciary duty issue as beyond the scope of the litigation for failure to list in pretrial order, while recognizing that a pretrial order should not be applied inflexibly); *Rigby v. Beech Aircraft Co.,* 548 F.2d 288 (10th Cir.1977) (Where pretrial order and answers to interrogatories calling for a par-

ticularized statement referred only to 31–gallon fuel cells, trial court did not abuse its discretion in refusing to admit evidence relating to 40–gallon fuel cells). These cases and many others hold that the pretrial order "measures the dimensions of the lawsuit, both in the trial court and on appeal." *American Home Assur. Co. v. Cessna Aircraft Co.,* 551 F.2d 804, 806 (10th Cir.1977), *quoting Hodgson v. Humphries,* 454 F.2d 1279, 1281 (10th Cir.1972). In *Southern California Retail Clerks Union v. Bjorklund,* 728 F.2d 1262, 1264 (9th Cir.1984), the court held that issues not preserved in the pretrial order have been eliminated from the action, and a party who did not so preserve an issue may not use it in resisting a motion for summary judgment.

The district court did not abuse its discretion in ruling that, in the absence of any motion to amend or modify the pretrial order, Hullman had failed to identify his alleged protected free speech claim to include his complaint of PCC's financial mismanagement. Where protected speech is the basis of a claim, it is necessary that the alleged protected speech be identified in the pretrial order by specificity. By analogy, in *Ewers v. Board of County Comm'rs of Curry County,* 802 F.2d 1242, 1246 (10th Cir.1986), *reh'g granted on other grounds,* 813 F.2d 1583 (10th Cir.1987), *cert. denied,* 484 U.S. 1008, 108 S.Ct. 704, 98 L.Ed.2d 655 (1988), *on reh'g,* 874 F.2d 736 (10th Cir.1989), we held that a plaintiff is obligated to present precise evidence of alleged protected conduct or speech with a degree of specificity that will provide jurors the basis for a proper determination whether that conduct or speech was a "motivating factor" in the employer's decision to terminate the plaintiff's employment.

AFFIRMED.