UNITED STATES COURT OF APPEALS
**Filed 9/9/96**
FOR THE TENTH CIRCUIT

CONNIE J. LAWRENCE,

      Plaintiff-Appellant,

v.

IBP, Inc.,

      Defendant-Appellee.

No. 95-3278
(D.C. No. 94-2027-EEO)
(Kan.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BRIGHT,[**] and KELLY, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]

      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]

      Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Connie J. Lawrence appeals the district court's grant of summary judgment to defendant, IBP, Inc., on her claim of unlawful discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and her claim of retaliatory discharge. We exercise jurisdiction pursuant to 28 U.S.C. §1291 and affirm.

Because the parties are familiar with the facts of this case, which are largely undisputed, we will refer to them only summarily. Plaintiff began working for IBP at its Emporia, Kansas, meat packing plant in 1987. Over the course of her employment, plaintiff developed pain in her hands, neck, shoulders, and right arm. Because of these limitations, plaintiff was eventually assigned as a picker, the lightest duty job at the plant, where she was to pick either bones or red meat from a conveyor belt. After accumulating several warnings of poor job performance on these picking lines, plaintiff, who had by then filed a Workers' Compensation claim, was discharged.

A grant of summary judgment is reviewed de novo to determine whether there is any genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995). In the face of a properly supported motion for summary

judgment, plaintiff, as the nonmoving party, was required to come forth with significant probative evidence tending to support her complaint; she could not simply rely on unsupported allegations. See id.

In order to prevail on her ADA claim, plaintiff had to establish:

(1) that [she] is a disabled person within the meaning of the ADA; (2) that [she] is qualified, that is, with or without reasonable accommodation (which [she] must describe), [she] is able to perform the essential functions of the job; and (3) that the employer terminated [her] because of [her] disability.

Id. at 360-61. The parties do not dispute that plaintiff is a disabled person as contemplated by the ADA. The district court found, however, that plaintiff presented insufficient evidence to establish her status as a qualified person with a disability.

Determining whether a person is a qualified person with a disability for purposes of the ADA requires a two-step analysis.

First, we must determine whether the individual could perform the essential functions of the job, i.e., functions that bear more than a marginal relationship to the job at issue. Second, if (but only if) we conclude that the individual is not able to perform the essential functions of the job, we must determine whether any reasonable accommodation by the employer would enable him to perform those functions.

Id. at 361-62 (quoting Chandler v. City of Dallas, 2 F.3d 1385, 1393-94 (5th Cir. 1993), cert. denied, 114 S. Ct. 1386 (1994)).

Plaintiff admits that she could not perform the essential functions of her job without accommodation. R. Vol. I, tab 61 at 97; R. Vol II, tab 65 at 7. The question thus becomes whether plaintiff could perform essential job functions with any reasonable accommodation by IBP. See York, 45 F.3d at 361-62.

Except for last minute suggestions put forth in response to defendant's motion for summary judgment, the only accommodation suggested by plaintiff was a job in the plant laundry. Plaintiff testified that she made this suggestion to a nurse in the IBP infirmary before her discharge. She also cited a laundry job as her only suggestion for accommodation in her answers to interrogatories, R. Vol. I, tab 61 (Exhibits in Support of Defendant's Motion for Summary Judgment) and in the pre-trial order, id., tab 50 at 4-5.

In meeting its burden of production, defendant offered testimony from its personnel manager which established that there were four laundry positions at IBP, two of which were already occupied by persons outranking plaintiff in seniority. It was company policy to reserve the other two positions for employees who were unable to work in the cold. At the time of plaintiff's termination, all four positions were occupied. R. Vol. I, tab 61, doc. 2 (Affidavit of Roger D. Brownrigg) at 3-4.

After a plaintiff advances enough evidence to make a facial showing of a possible accommodation, it is then up to the defendant to produce evidence of its

inability to accommodate. Milton v. Scrivner, Inc., 53 F.3d 1118, 1124 (10th Cir. 1995). "[T]he ADA does not require an employer to promote a disabled employee as an accommodation, nor must an employer reassign the employee to an occupied position, nor must the employer create a new position to accommodate the disabled worker." York, 45 F.3d at 362. We do not decide here whether plaintiff's evidence regarding the laundry job was sufficient to make this "facial showing that accommodation is possible." We conclude, instead, that IBP has met its burden of production and has presented evidence of its inability to accommodate. Because plaintiff has not rebutted IBP's evidence, see id. at 361, she has failed to establish that she is a "qualified person" for ADA purposes.

After defendant's motion for summary judgment was filed, plaintiff attempted to augment her list of suggested accommodations with brief references to the possibility of using a stool to enable her to trim contamination from the carcasses in the cooler, and to possible secretarial jobs and trimming jobs. As mentioned above, however, plaintiff's contentions in the pre-trial order list only the laundry job as a possible accommodation. The district court had discretion to disregard new issues of accommodation in plaintiff's response to defendant's motion for summary judgment because of the preclusive and binding effect of the pre-trial order. See Hullman v. Board of Trustees, 950 F.2d 665, 667-68 (10th Cir. 1991).

-5-

That course notwithstanding, the district court did consider the other alternatives mentioned by plaintiff but rejected them because there was no evidence, beyond plaintiff's personal speculation, that plaintiff was able to do the suggested jobs. See Milton, 53 F.3d at 1125 (affirming grant of summary judgment to employer where suggested job alternatives were based only on plaintiffs' conclusory allegations). We agree the district court properly rejected these alternatives.

The district court also found that a statement made by defendant's attorney at plaintiff's Workers' Compensation hearing indicating that alternative jobs were available for plaintiff was insufficient to establish that there was a specific position available for which plaintiff was qualified. We agree with the district court's analysis of this issue and affirm that court's conclusion that plaintiff was not a "qualified person with a disability" for purposes of her ADA claim.

With respect to plaintiff's state law retaliatory discharge claim, we have noted above that plaintiff has admitted she could not do the jobs at the trim and bone lines from which she had been discharged. This fact precludes plaintiff's recovery on a theory of retaliatory discharge.

In Rowland v. Val-Agri, Inc., 766 P.2d 819 (Kan. Ct. App. 1988), the Kansas Court of Appeals affirmed the grant of summary judgment in favor of a defendant, where the plaintiff claimed unlawful discharge in retaliation for filing

a Workers' Compensation claim but where plaintiff was unable to perform the duties of his job at the time of his discharge because of his physical condition. The court made it clear that an employee who has a Workers' Compensation claim may be discharged if he is unable to perform work. Id. at 822. The court reasoned:

> If this court allows [the plaintiff] to pursue its [sic] claim for retaliatory discharge in addition to his workers' compensation remedy, a disabled employee, who has received compensation for a permanent injury and cannot return to employment, will also be able to file an action in tort for retaliatory discharge against his or her former employer *if another position cannot be found which the employee can fill.*

Id. (emphasis added).[1]

Plaintiff, relying on the italicized portion of the above quotation, argues that Rowland should not bar her claim because other positions at IBP could have been made available to her. For the reasons discussed above, plaintiff has produced insufficient evidence regarding the availability of alternate positions at IBP. Her physical inability to perform the job from which she was terminated precludes her from prevailing on a retaliatory discharge claim.

Finally, plaintiff argues that the district court improperly applied the clear and convincing standard when reviewing IBP's motion for summary judgment,

---

[1]

Plaintiff has accepted Workers' Compensation benefits arising from her job-related injuries at IBP.

thus denying her right to a jury trial. After our de novo review of the briefs and record in this case, we cannot agree. The district court did not err in applying the evidentiary standard announced by the Kansas Supreme Court in Ortega v. IBP, Inc., 874 P.2d 1188 (Kan. 1994), at the summary judgment stage. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Nor did the district court err in its interpretation of that standard. It follows that when a case is not submissible to a jury, there is no denial of the right to a jury trial.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge