Christine R. BERROTH, Plaintiff,

v.

FARM BUREAU MUTUAL INSURANCE CO., INC., Defendant.

Civil Action No. 01–2095–CM.

United States District Court, D. Kansas.

Nov. 12, 2002.

Gregory M. Dennis, Kent T. Perry & Co., LC, Overland Park, KS, Richard W. Noble, The Noble Group, P.C., Kansas City, MO, for Plaintiff.

Terry L. Mann, Deena Hyson Bailey, Rebecca A. Hesse, Martin, Pringle, Oliver, Wallace & Bauer, LLP, Wichita, KS, for Defendant.

### *MEMORANDUM AND ORDER*

MURGUIA, District Judge.

Pending before the court is defendant Farm Bureau Mutual Insurance Company, Inc.'s Motion for Summary Judgment (Doc. 91). As set forth below, defendant's motion is granted in part and denied in part.

Plaintiff Christine R. Berroth, a former employee of defendant, claims defendant discriminated against her on the basis of sex by failing to promote her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and the Kansas

Act Against Discrimination ("KAAD"), K.S.A. § 44–1001 *et seq.*[1] In addition, plaintiff brings a "third-party" retaliation claim under Title VII and the KAAD, alleging that defendant retaliated against her after she participated in an investigation of a co-worker's sex discrimination claim.[2] Plaintiff seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1981a. In the alternative, plaintiff seeks nominal damages.

## I. Factual Background[3]

### A. Plaintiff Fails to Receive Promotion to Claims Assistant I

Plaintiff held secretarial and clerical positions with defendant from March 21, 1988, until plaintiff resigned her employment on August 31, 2000.[4] From December 29, 1996, until February 22, 1999, plaintiff held the position of Customer Service Representative. On February 22, 1999, plaintiff accepted a position as a Claims Assistant I.

Scott D. Campbell, a regional claims manager, was plaintiff's supervisor during the time in which the events giving rise to plaintiff's claims took place. In 1999 and 2000, Mr. Campbell's duties included interviewing and hiring employees. The promotion of employees who worked within Mr. Campbell's region was "mostly" within Mr. Campbell's discretion. Mr. Campbell stated he could not recall a time that defendant's headquarters had overridden one of his promotion decisions.

In late 1999 and early 2000, two Claims Adjuster positions became open. On December 13, 1999, plaintiff interviewed for one of the Claims Adjuster positions.[5] The interview committee consisted of Lori Sharts, Ed Seidel, and Susan "Sue" Brown. Ms. Sharts recalled that Mr. Campbell was in the conference room after the committee completed its interview of plaintiff. Ms. Sharts and Ms. Brown made favorable comments about plaintiff. According to Ms. Sharts, Mr. Campbell re-

---

1. Because Title VII's standards and burdens also apply to the KAAD, *see Aramburu v. Boeing Co.,* 112 F.3d 1398, 1403 n. 3 (10th Cir. 1997), the court will not specifically address plaintiff's KAAD claims, and reaches the same conclusions under both statutes.

2. Plaintiff preserved in the pretrial order a claim that "[d]efendant also unlawfully retaliated against plaintiff after she provided information to defendant in connection with Brown's complaint about Scott D. Campbell and/or discrimination charges by Brown or plaintiff against defendant in violation of Title VII and KAAD." (Pretrial Order at 8). Based upon plaintiff's failure to address the issue in her response brief, the court construes plaintiff to have abandoned the claim that defendant retaliated against her after she filed her complaint of discrimination with the Kansas Human Rights Commission on May 25, 2000.

3. The following facts presented are either uncontroverted or are viewed in the light most favorable to the plaintiff as the nonmoving party, in accordance with Fed.R.Civ.P. 56.

4. The court encourages counsel for both parties to consult D. Kan. R. 56.1(a), and, in the future, to number separately *each fact* provided in a memorandum supporting or responding to a summary judgment motion. Further, the court reminds counsel that in responding to a motion for summary judgment, a party that wishes to rely upon facts not contained in the movant's memorandum should set forth *each additional fact* in a *separate paragraph.* D. Kan. R. 56.1(b)(2). In this case, counsel for both parties have included multiple facts in single numbered paragraphs. Moreover, plaintiff's counsel has presented additional facts in the same numbered paragraphs at which plaintiff responds to facts set forth in defendant's motion for summary judgment. Such disregard for the local rules of this court has hindered the court's efficient disposition of the pending motion.

5. The parties' memoranda do not indicate which employees were responsible for the hiring decision, or which of the committee members interviewed plaintiff.

sponded by stating he did not want another woman in an adjuster position.

Mr. Campbell offered the position to Darrell O'Connor, a male, who accepted the position and later declined it. Matt Marine, a male, interviewed for the Claims Adjuster I position on February 20, 2000, and was offered the position on March 1, 2000. Plaintiff did not learn until after January 12, 2000, that she did not receive the promotion.

## B. Plaintiff's Involvement in the Investigation of Co–Worker Susan "Sue" Brown's Claim of Gender Discrimination

Ms. Brown began her employment as an insurance adjuster with defendant on April 1998. On January 5, 2000, Mr. Campbell terminated Ms. Brown's employment. Later that day, Ms. Brown telephoned Peggy Goe, who worked in defendant's Human Resources department, to express "some of [her] concerns with the office and the management." (Def's Mot. Summ. J. Attach. 6 at 188, lines 21–23). On January 6, 2000, Ms. Brown wrote a letter to Ms. Goe to document several statements Mr. Campbell allegedly made that were disparaging of women in general and of pregnant women in particular. Ms. Brown's letter stated that she would file a complaint of gender discrimination with the Kansas Human Rights Commission. Defendant received Ms. Brown's letter on January 10, 2000.

Ms. Goe began an internal investigation of Ms. Brown's complaints on January 12, 2000. Plaintiff was one of twelve employees Ms. Goe interviewed during the investigation. Plaintiff did not seek out the opportunity to participate in the investigation. During her interview with Ms. Goe and Gary Henton, who was one of Mr. Campbell's supervisors, plaintiff recounted disparaging remarks she had overheard Mr. Campbell make regarding other employees. Plaintiff also stated she had heard Mr. Campbell state, "We don't need any more female adjusters, we have enough in this office already." Plaintiff stated during her deposition that she was not sure whether Mr. Campbell was serious or joking when he made the comment about female adjusters.

Mr. Campbell saw the statements of the employees who had been interviewed on January 12, 2000. After the investigation, management counseled Mr. Campbell and required him to attend additional training.

Plaintiff filed an administrative complaint with the Kansas Human Rights Commission on May 25, 2000, in which she alleged she had been subjected to gender discrimination when she was not promoted to Claims Adjuster I in March 2000, and that she was retaliated against following her participation the internal investigation of Ms. Brown's complaints.

On August 21, 2000, plaintiff resigned her employment with defendant in order to accept a higher-paying position at another insurance company. Plaintiff told Mr. Campbell "the main reason I was leaving was the way things were going here at work with all the e-mails, and just didn't feel like anything I did was correct anymore." (Def.'s Mot. Summ. J. Attach. 2, at 251 lines 17–22).

## II. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587,

106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 670–71. In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; *see Adler,* 144 F.3d at 671 n. 1 (concerning shifting burdens on summary judgment). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler,* 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut," rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 1).

## III. Failure to Promote

Plaintiff claims that defendant unlawfully failed to promote her to the Claims Adjuster I position on the basis of her gender. Initially, the court notes that it may apply Title VII's standards to plaintiff's KAAD claim. *Best v. State Farm Mut. Ins. Co.,* 953 F.2d 1477, 1480 n. 2 (10th Cir.1991).

A plaintiff alleging discrimination in violation of Title VII may prove that she was discriminated against "through either direct evidence of discrimination (e.g., oral or written statements on the part of a defendant showing a discriminatory motivation) or indirect (i.e., circumstantial) evidence of discrimination." *Kendrick v. Penske Transp. Servs. Inc.,* 220 F.3d 1220, 1225 (10th Cir.2000) (citing *Shorter v. ICG Holdings, Inc.,* 188 F.3d 1204, 1207 (10th Cir.1999); *Elmore v. Capstan, Inc.,* 58 F.3d 525, 529 (10th Cir.1995)). Direct evidence is "[e]vidence that is based on personal knowledge or observation and that, if true, proves a fact without inference or presumption." *Black's Law Dictionary* 577 (7th ed.1999). Statements of personal opinion, even when reflecting a personal bias or prejudice, do not constitute direct evidence of discrimination. *Shorter,* 188 F.3d at 1207. Rather, "[t]he plaintiff must show that the employer actually relied on her gender in making its decision." *Price Waterhouse v. Hopkins,* 490 U.S. 228, 252, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).

Plaintiff claims that Mr. Campbell's remark that he "did not want another woman in an adjuster position" is direct evidence that defendant's decision not to promote plaintiff was motivated at least in

part by plaintiff's gender.[6] Defendant does not dispute that Mr. Campbell made this statement, but tries to characterize it as a stray remark and/or a joke.[7]

Viewing the evidence in the light most favorable to plaintiff, the court finds that Mr. Campbell's comment is direct evidence that defendant relied upon plaintiff's gender in its decision not to promote her. Under Tenth Circuit law, plaintiff has presented direct evidence of discrimination because she has offered evidence that Mr. Campbell actually relied on plaintiff's gender in determining that plaintiff should not receive the promotion. *Accord Ramsey v. City & County of Denver,* 907 F.2d 1004, 1008 (10th Cir.1990) (holding that a plaintiff may prove direct evidence when she presents proof that an employer actually relied upon a protected factor in making an adverse employment decision).

Mr. Campbell's remark is distinct from other statements that the Tenth Circuit has held to constitute merely circumstantial evidence of discrimination. Mr. Campbell made the comment in question immediately following plaintiff's interview, and addressed his remark to the committee that interviewed plaintiff. His remark was a response to comments of other committee members praising plaintiff, and was an unequivocal statement that he did not want to hire another woman to be an adjuster. It is therefore distinguishable from other remarks found by courts in the Tenth Circuit to constitute merely circumstantial evidence. *E.g. Shorter,* 188 F.3d at 1207 (holding defendant's human resources director's statement, made in a fit of anger one or two days after firing plaintiff, that plaintiff was "an incompetent n—," and three race-related comments made prior to plaintiff's firing did not constitute direct evidence of discrimination); *Heim v. Utah,* 8 F.3d 1541, 1546–47 (10th Cir.1993) (holding supervisor's statement in an angry outburst over the plaintiff's performance of her duties, "f-ing women, I hate having f-ing women in the office" was not direct evidence, because it "did not show that the supervisor acted with discriminatory intent, only that he unprofessionally offered his private negative view of women during a display of bad temper at work").

■ Because plaintiff has established sufficient direct evidence of discrimination, the court need not examine plaintiff's claim under the *McDonnell–Douglas* standard of

---

**6.** The record includes the testimony of several other employees of defendant indicating that Mr. Campbell had stated on other occasions that he did not want to hire another female adjuster, and noting that they had heard him make a series of disparaging and/or suggestive remarks about women and pregnant women in particular. The court does not discuss these incidents because they constitute circumstantial evidence of discrimination at most, and are not necessary to a finding that defendant's motion for summary judgment should be denied given the direct evidence present in this case.

**7.** Defendant also states the court should not consider plaintiff's argument as to "Direct evidence" because she did not state in the pretrial order that she sought to employ a direct evidence theory. The pretrial order indeed controls the subsequent course of the litigation, and the trial court may "exclude from trial those issues and claims not found in the pretrial order." *Hullman v. Bd. of Trs.,* 950 F.2d 665, 668 (10th Cir.1991) (citation omitted). The pretrial order in this case was sufficient to preserve plaintiff's claim under either a direct or circumstantial evidence theory, because it required only that plaintiff set forth her factual contentions and general theories of recovery. It did not limit plaintiff to a particular method of proving her claim, because the section of the pretrial order describing plaintiff's theories of recovery does not indicate whether plaintiff would seek to prove her claims only through direct or circumstantial evidence. Accordingly, the court rejects defendant's argument that the court should reject plaintiff's direct evidence of discrimination because it is a new argument unannounced by the pretrial order.

proof. *McGarry v. Bd. of County Comm'rs,* 175 F.3d 1193, 1200 n. 4 (10th Cir.1999). Because plaintiff has presented a genuine issue of material fact regarding whether defendant chose not to hire plaintiff because of her gender, defendant's motion for summary judgment with respect to plaintiff's failure to hire claim is denied.

## IV. Retaliation

Plaintiff claims that Mr. Campbell retaliated against her due to her participation in the internal investigation of Ms. Brown's complaints by (1) failing to promote her to the open Claims Adjuster I position, (2) sending her e-mails attempting to correct her absences from work, (3) scheduling training during a day upon which plaintiff had requested vacation time, and (4) not being as friendly to her as he had been prior to the investigation.[8]

■ Title VII prohibits an employer from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter...." 42 U.S.C. § 2000e–3(a). Because there is no direct evidence that defendant retaliated against plaintiff due to her participation in the internal investigation, the court proceeds under the *McDonnell Douglas* burden-shifting analysis. *Accord McGarry,* 175 F.3d at 1201. To establish a prima facie case of retaliation under Title VII, plaintiff must show (1) that she engaged in protected opposition to discrimination; (2)

that she suffered an adverse employment action; and (3) a causal connection between the opposition activity and the adverse employment action. *Id.*

■ Because the record does not reflect that plaintiff opposed the discriminatory conduct about which Ms. Brown complained, the court analyzes plaintiff's argument under the "participation" clause of Title VII only. Title VII retaliation claims generally proceed under the *McDonnell Douglas* burden-shifting analysis. *McGarry,* 175 F.3d at 1201.

Here, defendant disputes that the first element of a prima facie case of retaliation is present, because plaintiff merely participated in an internal investigation of Ms. Brown's complaint. The participation clause of Title VII "protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the EEOC; it does not include participating in an employer's internal, in-house investigation, conducted apart from a formal charge with the EEOC." *Metzger v. City of Leawood,* 144 F.Supp.2d 1225, 1258 (D.Kan.2001) (quoting *EEOC v. Total Sys. Servs., Inc.,* 221 F.3d 1171, 1174 (11 th Cir.2000)). Accordingly, because the evidence shows plaintiff did not "participate" in an investigation as contemplated by Title VII, the court finds that plaintiff may not state a prima facie case of retaliation under Title VII. Defendant's motion for summary judgment is granted as to plaintiff's retaliation claim.

---

**8.** Although plaintiff preserved in the pretrial order a claim that "[d]efendant also unlawfully retaliated against plaintiff after she provided information to defendant in connection with Brown's complaint about Scott D. Campbell and/or discrimination charges by Brown or plaintiff against defendant, in violation of Title VII and KAAD," (Pretrial Order at 8), it is unclear to the court whether plain-

tiff continues to maintain a retaliation claim based upon her complaint to the KHRC. Accordingly, the court construes plaintiff's response to defendant's motion for summary judgment as indicating that plaintiff pursues her retaliation claim based *only* upon her participation in the internal investigation of Ms. Brown's complaint, and not upon her own complaint filed with the KHRC.

## V. Order

**IT IS THEREFORE ORDERED** that defendant Farm Bureau Mutual Insurance Company, Inc.'s Motion for Summary Judgment (Doc. 91) is granted in part and denied in part.

Defendant's motion is denied regarding plaintiff's claim under Title VII and the KAAD that defendant discriminated against her on the basis of gender when defendant failed to promote her.

Defendant's motion is granted to the extent plaintiff claims defendant retaliated against her in violation of Title VII and the KAAD.