**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 1, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALMA ARIAS, individually and on
behalf of her son, Raymundo Marrufo, a
minor; JULI MARRUFO,

       Plaintiffs - Appellants,

v.

RICHARD PACHECO, Detective;
BRANDON GIGANTE, Lt. Detective;
SERGIO LARA; JAMES WYCOFF,
Detective; RAYMOND ESQUIVEL, Sgt.;
GLEN CHADBORN, Sgt., officers of the
Deming, New Mexico Police Department,
individually and in their official
capacities; DEMING POLICE
DEPARTMENT, a division of the City of
Deming,

       Defendants - Appellees.

No. 08-2296
No. 07-CV-00390-BB/DJS
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, HOLLOWAY,** and **KELLY**, Circuit Judges.

---

      This appeal stems from the District Court's refusal to grant Plaintiffs' oral motion

to amend the Pretrial Order to include a claim for wrongful arrest on the morning trial

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was scheduled to begin. Since the District Court did not abuse its discretion, we AFFIRM.

## BACKGROUND

In the early morning hours of April 20, 2005, officers of the Deming, New Mexico Police Department obtained and executed a search warrant on the Plaintiffs' residence. The three plaintiffs were at home: Alma Arias, her minor son Raymundo Marrufo, Jr., and her adult daughter Juli Marrufo. All three were removed from the house and eventually taken to the Deming Police Department where they were detained for different periods of time. Raymundo, the ten-year-old, was detained for a few hours until he was released to an adult relative so he could attend school. Ms. Marrufo and Ms. Arias were both handcuffed and detained for longer periods of time. Ms. Marrufo was eventually permitted to leave the station and return home so she too could attend school. Ms. Arias remained in custody until she was placed under arrest.

The search produced some marijuana, a small amount of methamphetamine, and one or two reportedly stolen religious statues. Of the three plaintiffs, only Ms. Arias was charged with any criminal offenses: receiving stolen property and possession of methamphetamines. These charges were later dismissed.

Ms. Murrafo and Ms. Arias, on behalf of herself and her son Raymundo, sued the officers[1] involved in the search for violations of their civil rights under 42 U.S.C. § 1983,

[1]The Complaint was initially filed against Detective Richard Pacheco, Lieutenant Detective Brandon Gigante, Detective Sergio Lara, Detective James Wycoff, Sergeant Raymond Esquivel, Sergeant Glen Chadborn and the Deming Police Department. At the

- 2 -

specifically for excessive force and wrongful arrest, under the New Mexico Tort Claims Act and under a theory of municipal liability. The complaint asserted wrongs of both excessive force and wrongful arrest.

Discovery was conducted as to whether the officers had used excessive force to conduct the search of the home and the arrest of Ms. Arias. In the Pretrial Order submitted a month and a half before trial, Plaintiffs described the nature of their claims as only that of excessive force used by the officers, not that there had been an excessive detention or a wrongful arrest. Pursuant to the Pretrial Order and Trial Notice, proposed jury instructions were due on Monday, one week before trial was scheduled to start (October 27, 2008). After the courthouse was already closed on the Friday evening prior to trial, Plaintiffs submitted their requested jury instructions, one of which addressed their wrongful arrest claim.

On the Monday morning of trial, during the presentation of motions in limine, Plaintiffs orally asserted before the District Court that they would be presenting to the jury the issue of whether the Plaintiffs were so excessively detained that they were wrongfully arrested. Defendants objected and argued that because wrongful arrest was not listed as an issue in the Pretrial Order the Defendants were not given proper notice, discovery had not been conducted on the issue, and Plaintiffs should not be permitted to present the issue to the jury. Plaintiffs asserted notice of their wrongful arrest claim was

_____

start of trial, Defendants Pacheco, Esquivel and Chadborn were the only remaining defendants. The other parties had been dismissed.

provided in both the Complaint and Pretrial Order.

The District Court found Plaintiffs did not mention wrongful arrest in either their Complaint or the Pretrial Order and there was no discussion of the issue throughout the depositions. Additionally, Plaintiffs did not mention the issue at any point in preparation for trial or throughout the presentation of motions. The issue was raised in their requested jury instructions which were filed five days late and after hours on the Friday evening before trial was scheduled to begin the following Monday. The District Court held that Plaintiffs had failed to provide proper notice. Therefore, they were not permitted to present evidence of or argue the wrongful arrest issue to the jury. The trial proceeded as scheduled and the jury rendered a verdict in favor of Defendants, deciding excessive force was not used during the search and the statements supporting the warrant were not deliberate or reckless misrepresentations.

## DISCUSSION

On appeal, Plaintiffs assert there were three errors in proceedings before the District Court: 1) the denial of Plaintiffs' oral motion to amend the Pretrial Order to include their wrongful arrest claim; 2) the refusal to properly instruct the jury with respect to the wrongful arrest claim; and 3) the jury's verdict was not supported by the evidence since the arrests were unlawful.

All three issues stem from the District Court's refusal to permit Plaintiffs to present evidence of and argue there was an excessive and thus unlawful detention or wrongful arrest. Because our disposition on the first issue determines the other two, we

need only address whether the District Court abused its discretion by denying Plaintiffs the chance to argue their claim of wrongful arrest.[2]  Since the District Court did not abuse its discretion, we AFFIRM on the first issue and need not reach the others.

Although the parties cannot agree, and the record is somewhat unclear as to whether Plaintiffs did or did not make an oral motion to amend the Pretrial Order on the morning of trial, we will assume for the sake of argument that Plaintiffs did make such a motion.  We review a District Court's refusal to amend a Pretrial Order for an abuse of discretion.  *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 16(e), a Pretrial Order may only be amended to "prevent manifest injustice."  Fed. R. Civ. P. 16(e).  The party seeking to amend the order bears the burden of proving manifest injustice would occur without permitting the requested amendment.  *See Koch*, 203 F.3d at 1222.  When faced with the appeal of a District Court's refusal to amend a Pretrial Order this court considers four factors.  *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210 (10th Cir. 2002):

> We consider the following factors in a challenge to a district
> court's denial of a motion to amend the pretrial order and
> resulting exclusion of an issue: "(1) prejudice or surprise to

---

[2]Since Plaintiffs were properly prohibited from presenting the issue of wrongful arrest, the District Court properly refused to instruct the jury on the question.  A District Court is only required to instruct the jury on the relevant law. *Townsend v. Lumbermens Mut. Cas. Co.*, 294 F.3d 1232, 1238 (10th Cir. 2003) (explaining a judge's duty is to instruct the jury on the "applicable law").  Plaintiffs' assertion the jury verdict was not supported by the evidence is framed with respect to whether the officers violated Plaintiffs' civil rights by making an unlawful arrest.  Since the issue of unlawful arrest was not presented to the jury, their verdict did not decide that issue and thus this issue is without merit and need not be addressed.

the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order."

*Id.* (citing *Koch*, 203 F.3d at 1222).

In addition to those four factors, we also consider "whether an amendment to the pretrial order was formally and timely requested." *Palace Explor. Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1117 (10th Cir. 2003). Applying all of these factors to the facts before us, Plaintiffs failed to prove manifest injustice would have occurred if the Pretrial Order was not amended. The District Court did not abuse its discretion by refusing to do so.

Rule 16(e) was intended to "replace the old sporting theory of justice with a policy of putting the cards on the table." *Wilson v. Muckala*, 303 F.3d 1207, 1216 (10th Cir. 2002) (quotations omitted) (citing *Clark v. Penn. R.R. Co.*, 328 F.2d 591, 594 (2d Cir. 1964). As such, attorneys are "expected to fully and fairly disclose 'their views as to what the real issues of the trial will be.'" *Cortez v. Wal-Mart Stores, Inc.*, 460 F.3d 1268, 1276-77 (10th Cir. 2006). The Pretrial Order, as agreed to by Plaintiffs, described the issues in the case as:

> **A. Plaintiff's [sic] claims:** Defendants obtained a search warrant in the absence of probable cause through the use of false pretenses and false statements, and while executing that search warrant on April 20, 2005, used excessive force against the Plaintiffs. Following that search and through information obtained from the officers conducting that search, a harmful interview was given leading to a news article being published that caused plaintiff to lose her job. Plaintiff claims

> lost wages, compensatory damages, punitive damages, and attorney's fees and costs.

Nowhere was there mention of wrongful arrest or excessive detention. Excessive detention/wrongful arrest and excessive force are distinct theories of liability. *Fogarty v. Gallegos*, 523 F.3d 1147, 1160 (10th Cir. 2008) ("Although we have concluded that Fogarty's arrest was not supported by probable cause, this does not mean that the force used to arrest him was automatically excessive, as the two inquiries are entirely different."). The two theories have different elements and require different proof. *Cortez v. McCauley*, 478 F.3d 1108, 1127 (10th Cir. 2007). The two are not interchangeable and the Pretrial Order did not encompass both theories. *Id.*

Plaintiffs' argument that their Complaint asserts the wrongful arrest issue is unavailing. Pretrial Orders "control[] the subsequent course of the action unless modified by a subsequent order." Fed. R. Civ. P. 16(e). Thus, the Pretrial Order "measures the dimensions of the lawsuit," not the Complaint. *Hullman v. Bd. of Trustees of Pratt Cmty. Coll.*, 950 F.2d 665, 668 (10th Cir. 1991) (internal quotation marks omitted). For when a party "d[oes] not include [an] issue in the pre-trial report, ... it [i]s not part of the case before the district court." *Gowan v. United States Dep't of Air Force*, 148 F.3d 1182, 1192 (10th Cir. 1998). The one paragraph in Plaintiffs' Complaint which went untouched in the subsequent motion practice, discovery, and which was not addressed in the Pretrial Order was insufficient to put Defendants on notice that Plaintiffs intended to argue the issue.

The earliest point at which this issue was raised was in the form of Plaintiffs' requested jury instructions. Not only were these requested instructions filed four days late, they were filed after the courthouse had closed on the Friday evening before the Monday when trial was scheduled to begin. Such late notice would have caused prejudice to Defendants and prevented them from adequately preparing against Plaintiffs' new theory of the case. *See Davey*, 301 F.3d at 1210-11 ("[T]he timing of the motion in relation to the commencement of trial is an important element in analyzing whether the amendment would cause prejudice or surprise.").

The only way Defendants could have adequately dealt with Plaintiffs' new theory of wrongful arrest would have meant the delay of the trial and more discovery. Given that the jury had already been chosen and was waiting to begin trial when Plaintiffs asked to present their new theory of wrongful arrest, if that had been permitted, the jury would have had to be dismissed. Significant judicial resources and time would have been wasted by delaying the start of trial. *Cf. Palace*, 316 F.3d at 1118 (holding there was no disruption to the trial because the motion to amend occurred two weeks prior to trial starting and the additional claim arose from the same facts so there was no need for additional discovery).

While Plaintiffs assert their failure to include the wrongful arrest issue in their Pretrial Order was simply an oversight, they had over a month to review the Pretrial Order and correct it. Although there is no allegation Plaintiffs acted in bad faith, it appears counsel failed to act in a diligent and responsible manner. *See Durant v. Indep.*

*Sch. Dist. No. 16*, 990 F.2d 560, 565 (10th Cir. 1993) (explaining when a party fails to show any circumstances other than its own neglect to warrant relief from a court's order, there is no abuse of discretion).  There was no need for Plaintiffs to wait until the morning of trial to introduce a new theory of liability before the court.

## CONCLUSION

The District Court did not abuse its discretion and the rulings are AFFIRMED.


Entered for the Court


William J. Holloway, Jr.
Circuit Judge