**UNITED STATES COURT OF APPEALS**   April 22, 2014

**TENM CIRCUIT**

ANNIE LUCILE LIVINGSTON,

        Plaintiff – Appellant,

v.

SODEXO, INC., and Affiliated Co.,

        Defendant – Appellee.

No. 13-3170
(Case No. 5:11-CV-04162-EFM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This case is therefore ordered submitted without oral argument.

Plaintiff Annie Lucile Livingston, proceeding pro se, appeals the district

court's dismissal of her claims against Defendant SDH Services West, LLC.[1]

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Defendant states that Plaintiff has "incorrectly identified 'Sodexo, Inc.'"
as the employer in her initial complaint and in the present appeal.  (Appellee's Br.
at 1.)  Nevertheless, Defendant responded to the complaint and submits to this

Plaintiff was employed by Defendant from 2004 to August 31, 2010, when Defendant terminated Plaintiff's employment. Defendant cited a number of performance-related employment deficiencies as its reason for terminating Plaintiff's employment. After her termination, Plaintiff filed a charge of discrimination against Defendant with the Kansas Human Rights Commission and subsequently filed her complaint in federal district court. She ultimately alleged that Defendant discriminated against her on the basis of her race and gender by failing to promote her. Plaintiff further alleged her termination was the result of discrimination based on her race, age, and gender. Finally, Plaintiff alleged that her termination was retaliation for complaints she made regarding certain race-based comments. Additionally, in her response brief to Defendant's motion for summary judgment, Plaintiff alleged for the first time that her managers harassed her at work and at home.

The district court dismissed all of Plaintiff's claims on Defendant's motion for summary judgment. The district court concluded Plaintiff had failed to establish a prima facie case to support her discrimination and retaliation claims under the *McDonnell Douglas* analysis. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The district court further concluded that even if Plaintiff

_____

appeal. Defendant offers a possible explanation for Plaintiff's confusion regarding the name of the proper entity in its Corporate Disclosure Statement. (*Id.*)

had established a prima facie case to support these claims, she was unable to raise a genuine issue of material fact as to whether the legitimate, non-retaliatory, and non-discriminatory reasons articulated by the Defendant for its decision not to promote Plaintiff and to terminate her employment were pretextual. The district court also dismissed Plaintiff's tardy harassment claims, concluding it lacked subject matter jurisdiction over the claims because they were not included in Plaintiff's discrimination charge with the Kansas Human Rights Commission. *See McDonald-Cuba v. Santa Fe Protective Servs., Inc.*, 644 F.3d 1096, 1101 (10th Cir. 2011). The district court also found Plaintiff's harassment claims could not be considered because they were not included in the final pretrial order. *Hullman v. Bd. of Trustees of Pratt Cmty. Coll.*, 950 F.2d 665, 667 (10th Cir. 1991) ("A plaintiff cannot escape the binding effect of the pretrial order by raising new issues in a response to the defendant's motion for summary judgment."(quotation marks omitted)).

Having carefully reviewed the briefs and the record on appeal, we find no error in the district court's conclusions. To the extent Plaintiff seeks to appeal the district court's denial of her motion for reconsideration, we find no error in the district court's order denying that motion.[2] Accordingly, we **AFFIRM** the district court's dismissal of the case for substantially the reasons set forth in the

---

[2] Plaintiff also appears to allege in her appeal that Defendant abused the litigation process. However, this allegation is not supported by the material included in the record on appeal.

district court's thorough twenty-two-page opinion granting summary judgment to Defendant.

Entered for the Court

Monroe G. McKay
Circuit Judge